# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PHILBERT WILSON,         )
                         )
        Plaintiff,      )
                         )
        v.           )     Civil Action No. 13-1529
                         )
STATE OF PENNSYLVANIA;    )
DENNIS HOERNER, *Probation*  )
*Officer*; BRIAN COVERT, *warden*;  )
MARY ROSETTA, *Case manager for*  )     United States Magistrate Judge
*Probation and parole*; CITY OF NEW  )     Cynthia Reed Eddy
CASTLE POLICE DEPARTMENT,  )
*Unknown New Castle Police officers*;  )
BERTH GREAR, *Probation Officer*;  )
PENNSYLVANIA BOARD OF  )
PROBATION AND PAROLE;  )
DONALD M STYLES, *Deputy Director,*  )
*Pennsylvania Board of Probation*  )
*and Parole*  )
                         )
        Defendants.    )

## MEMORANDUM ORDER

On April 1, 2014, with permission from the Court, Plaintiff filed a Second Amended Complaint in which he named three additional Defendants: (1) Bert Brear, Probation Officer; (2) Pennsylvania Board of Probation and Parole ("PBPP"); and (3) Donald M Styles, Deputy Director, PBPP. (ECF No. 35). There is nothing on the docket indicating that Plaintiff has properly effectuated service of process on these three additional Defendants. Moreover, counsel representing the "PBPP Defendants"[1] has indicated that she is not entering an appearance for these additional Defendants, stating that "they have not been served and have not been made

---

[1] The PBPP Defendants are the Commonwealth of Pennsylvania, Dennis Hoerner, Jeffrey Boozer, and Mary Rosetta. These Defendants were all added to the lawsuit in connection with the original Complaint.

parties to this lawsuit." (ECF No. 39 at 1 n. 1). Federal Rule of Civil Procedure 4(m) provides that

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

The Court finds that on or around April 15, 2014, the date in which counsel for the PBPP Defendants stated in her brief that these additional Defendants had not been served or made parties to the lawsuit, Plaintiff has had notice that these three additional Defendants have not been served. (ECF No. 39 at 1 n. 1). This finding is supported by the fact that Plaintiff responded to this document on 5/22/2014. (ECF No. 45). More than 120 days have passed since Plaintiff first received notice.[2] Thus, in accordance with Rule 4(m), the Court <u>must</u> either dismiss the action against these Defendants without prejudice <u>or</u> order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m). The Court elects the latter option.

**AND NOW**, this 30th day of September, 2014, in accordance with Fed. R. Civ. P. 4(m), it is **HEREBY ORDERED** that on or before <u>October 14, 2014</u>, Plaintiff shall provide the Court with proper instructions for service upon the three Defendants added to the Second Amended Complaint: (1) Bert Brear, Probation Officer; (2) Pennsylvania Board of Probation and Parole; and (3) Donald M Styles, Deputy Director, Pennsylvania Board of Probation and Parole.[3]

---

[2] Because Plaintiff is not registered on the Court's CM-ECF system, he did not receive instantaneous notice of this issue on April 15, 2014 when the PBPP Defendants' brief was filed. However, even if the Court were to construe Plaintiff as receiving notice as the date that he filed his response brief, he is still beyond 120 days.

[3] The Court notes that two of these Defendants appear in the Caption of the Second Amended Complaint differently than they appear in the body of the Second Amended Complaint. The newly added probation

Therefore, Plaintiff must complete and return a U.S. Marshal Form 285, and a notice and wavier of summons for EACH of these three additional Defendants.  Said forms have been mailed to the Plaintiff with this Order.

**IT IS FURTHER ORDERED** that failure to comply with this Order as to any of these Defendants will result in that Defendant being dismissed from the action without prejudice.


By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:    PHILBERT WILSON
       124 N. Mulberry Street
       New Castle, PA 16101

       all registered counsel via CM-ECF

---

officer appears in the Caption as "Bert Brear," but appears in the body as "Berth Grear."  (ECF No. 35 at ¶ 5).  Additionally, Defendant Styles appears in the Caption as "Donald M. Styles," but Plaintiff refers to him in the body of the Second Amended Complaint and his brief as "David M. Styles."  (ECF Nos. 35, 45).  Accordingly, Plaintiff is charged with making sure the correct Defendants are served. Failure to provide the correct names will be deemed an insufficient excuse by the Court if these Defendants are not served, and they will be dismissed from the action without prejudice.